GUERNSEY, Chief Judge
The Plaintiff has brought a civil action pursuant to MTO 95-4, rather than an license appeal pursuant to MTO 2002-13, apparently challenging the failure of the part of the individual Defendant Michael Brown to process the Plaintiffs request for a gaming license[1] and the failure of the Defendant Mohegan Tribal Gaming Authority to hire her,[2] The Defendants have moved to dismiss on grounds that the Defendants are cloaked with the sovereign immunity of The Mohegan Tribe.[3]
In support of their motion, the Defendants have filed with the Court affidavits, as permitted by G.D.C.P. § 20(b), establishing that the individual defendant Michael Brown was acting as Assistant Director of Regulations for the Mohegan Tribal Gaming Commission in his dealings with the Plaintiff[4] and that the Plaintiff, who ‘had been terminated from her prior position as a security officer, would not be taken back by her previous department.[5] The Defendants’ position is that, there being no job offered to the Plaintiff, there was no reason to consider her application for a gaming license, even if her application had been filed.
A motion to dismiss admits all well pleaded facts (except those contradicted by evidence introduced outside the record), and the complaint should be construed most favorably to the Plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45, 49 (1983). In the instant case, the Plaintiff *572 has alleged that she worked as a security officer from December 9, 2001 until May 20, 2002, when she was arrested on the job for Larceny in the: 1st degree.[6] This charge allegedly resulted from an overpayment of State assistance, and was resolved by the Plaintiff being placed in the Accelerated Rehabilitation program pursuant to Conn. Gen.Stat. § 54-56e for a period of two years, and ordered to pay restitution in the amount of $50 per month during that time. Documents attached to the complaint confirm this and indicate that the probationary period would commence on May 23, 2002 and would end on May 23, 2004.
The Plaintiff further alleges that she returned to work on May 26, 2002, three days after the resolution of her court case, and continued to work until October 9, 2002, when she “pointed out”, and received a letter stating that she could reapply after 90 days. On January 15, 2003, the Plaintiff attended a job fair at Mohegan Sun, and the next week, received a telephone call from Michael Murphy, an employment specialist for the Mohegan Tribal Gaming Authority’s Department of Human Resources, informing her that her license had been denied due to her arrest.[7] The Plaintiff alleges that she contacted a licensing supervisor and was told to request a hearing, which request was eventually referred to and denied by the Defendant Michael Brown, who allegedly told her that she was not going to get her license until she had made full restitution. Her request for written confirmation of this resulted in a letter from the Defendant Michael Brown dated April 28, 2003 asserting that “the Gammg Commission only receives license applications from persons who have been offered a position by the Mohegan Sun Human Resources Department.” As a result, no hearing would be scheduled. The instant case was filed with the Gaming Disputes Court on May 15, 2003.
This Court has long held that the Mohegan Tribe, and its sub-entities, are entitled to the well-established “immunity from suit traditionally enjoyed by sovereign powers”. Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 1 Am. Tribal Law 539 (1997), quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). “The issue of tribal sovereign immunity is jurisdictional in nature,” Ager, 1 G.D.R. at 2, 1 Am. Tribal Law 539; McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989). Any waiver of this sovereign immunity by the Tribe must be unequivocally expressed and cannot be implied. Long v. Mohegan Tribal Gaming Authority, Et Al., 1 G.D.R. 5, 10, (1997); Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d 1489, 1498 (D.C.Cir.1997).
As to the individual defendant Michael Brown, acting as Assistant Director of the Mohegan Tribal Gaming Commission, it is clear that he is entitled to the sovereign immunity of the Mohegan Tribe. “[T]he doctrine of tribal immunity extends to individual tribal officials acting in their representative capacity and within the scope of their authority.” Romanella v. Hayward, 933 F.Supp. 163, 167 *573 (D.Conn.1996); Kizis v. Morse Diesel International, Inc. et al., 260 Conn. 46, 53-54, 794 A.2d 498 (2002). There being no express waiver of the sovereign immunity of the Mohegan Tribe, the Plaintiffs claims against the individual Defendant are barred by the sovereign immunity of the Mohegan Tribe, and are therefore dismissed.
As to the claims against the Mohegan Tribal Gaming Authority, it is not clear whether the Plaintiff intended a breach of contract action or a license appeal. The former is clearly barred by the sovereign immunity of the Mohegan Tribe. Long v. Mohegan Tribal Gaming Authority, 1 G.D.R. 5, 9-11, 1 Am. Tribal Law 544 (1997). If construed as a license appeal, further analysis is required.
The sovereign immunity of The Mohegan Tribe has not been waived so as to allow the bringing of wrongful discharge or other employment-related claims[8], except as specifically set forth in MTO 2002-04, the Mohegan Tribal Discriminatory Employment Practices Ordinance.[9] As has repeatedly been observed, Mohegan tribal law has no counterpart to the Mashantucket Employment Appeal Ordinance, M.P.T.O. 061694-03. Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 4 (1997).
A limited waiver of sovereign immunity has been enacted with respect to “final agency decision[s]”, including those involving the issuance, denial or revocation of gaming and non-gaming licenses by the Director of Regulation. MTO 94-1 Section 7(a)(iii). If construed as a license appeal, it should be noted that Plaintiffs complaint names as a Defendant the Mohegan Tribal Gaming Authority, rather than the Office of the Director of Regulation.[10] The Defendant also claims that the absence of any action whatsoever with respect to Plaintiffs license application (apparently it was not submitted because she was told it would never be approved), results in there being no agency action from which an appeal can be taken. Can, et al. v. United States, 820 F.Supp. 106 (S.D.N.Y.1993). The Defendant maintains that it is not required to process an application for a license on behalf of one who is neither employed by nor has been offered employment by the MTGA.
The requirement for a gaming license lor employees of The Mohegan Tribal Gaming Authority derives from Section 5 of The Mohegan Tribe—State of Connecticut Gaming Compact (hereinafter the Tribal-State Gaming Compact), which provides in relevant part as follows:
(a) Requirement for employee licensing. No person may commence or continue employment as a gaming employee unless he is the holder of a valid current gaming employee license issued by the State Gaming agency in accordance with the provisions of this section.
The Mohegan Tribe—State of Connecticut Gaming Compact, Section 5(a). The authority vested in the “State gaming agency” may be exercised by the “Tribal gaming agency” pursuant to Section 10(a). Mohegan Tribal Ordinance 94-1, Section 8 provides that, inter alia, all employees shall complete an application for an initial *574 Gaming License or the renewal of an existing Gaming , License. The regulatory duties of the Tribe under MTO 94-1 are assigned to the Director of Regulation. MTO 94-2 § 12(5).
The Court is unable to find any authority for the proposition that the Director of Regulation has a duty to process an application for a gaming or non-gaming license for one who does not fit the definition of “Gaming employee” as set forth in the Tribal-State Gaming Compact, Section 2(h), or a non-gaming employee. While it is likely that the refusal of the Director of Regulation to receive or to process an application for a gaming or non-gaming license from an individual who has been offered employment by the Mohegan Tribal Gaming Authority would constitute a “final agency decision” for purposes of an appeal under MTO 2002-18, the Defendant has shown that there was no offer of employment made in this case.[11] Accordingly, there was no requirement for the Director of Regulation to process the Plaintiffs license application.
The* Defendants’ Motion to Dismiss is granted.

. It is not specifically addressed in Plaintiff's complaint whether the license is gaming or non-gaming, but the distinction is immaterial to the resolution of this case.

. The Defendants are the Mohegan Tribal Gaming Authority (rather than the Mohegan Tribal Gaming Commission) and Michael Brown, who is the Assistant Director to the Mohegan Tribal Gaming Commission. Given the disposition of this ease on grounds of sovereign immunity, the result would be unchanged had the Gaming Commission been named as a defendant.

. The Defendants have also claimed that the bond lor prosecution given by the Plaintiff is defective, given that one of the boxes was unchecked.

. See Affidavit of Michael Brown, dated August 1, 2003. At the hearing on Defendants' motion, the Plaintiff did not dispute this.

. See Affidavits of Michael Murphy, dated August 1, 2003, and Robert Jessop, dated August 5, 2003.

. The Defendants' affidavits do not state that the Plaintiff was terminated as a result of this arrest, and assert that the Plaintiff was terminated for excessive absenteeism and other instances of misconduct. This is consistent with Paragraph 4 of Plaintiff’s complaint.

. The Affidavit of Michael Murphy confirms the Plaintiff’s attendance at the job fair and that her job application was ‘‘sent up from the job fair”, but asserts that, in accordance with usual protocol, the previous department was consulted for approval on April 30, 2003, which was not given in her case and which decision he relayed to the Plaintiff.

. The revised Mohegan Torts Code, MTO 2001-07, specifically excludes from its purview and its waiver of sovereign immunity any claims by employees.

. No such claim is made in this case.

.Determining the effect of naming the MTGA rather than the Mohegan Tribal Gaming Commission or the Office of the Director of Regulation, as Defendant is not essential to the resolution of this case. .

. See Affidavit of Robert Jessop dated August 5, 2003, and Affidavit of Michael Murphy dated August 1, 2003,11 13.