MEMORANDUM OF DECISION
WILSON, Justice.
This is an action brought pursuant to the Mohegan Tribal Discriminatory Employment Practices Ordinance, MTO 2002-04. In her complaint, the Plaintiff alleges that she was “wrongfully terminated from employment with the Mohegan Sun Casino/Resort as a hostess in Fidielia’s Restaurant.” She alleges that she was a 52-year old female and her initial complaint, on a standard form, alleged she was discriminated against in her termination, based on, inter alia, race, gender, age, and physical disability.
After a series of Defendant’s Requests to Revise, and Plaintiffs Revisions, the Plaintiffs latest complaint alleges, in addition to the allegations of the initial form Complaint, nine counts claiming 1) age discrimination under the Age discrimination in Employment Act, 29 U.S.C. Sec. 621 and the Older Workers Benefit Protection Act, 29 U.S.C. Sec. 794; 2) Gender bias under Title VII of the Civil: Rights-Act .of 1964; 3) race discrimination under Title VII of the Civil Rights Act of 1964; 4) sexual harassment under Title VII of the Civil Rights Act of 1964 and Executive Order 11246 and 41 G.F.R.(60); 5) fraud— “23 AMJ 2d Fraud”; (i) Conspiracy; 7) hostile work environment; 8) Breach of *576 Contract; and 9) retaliation, 42 U.S.C. Sec 2000e-3, et alia.
The Defendant has moved to strike these nine counts on the ground that the Mohegan Tribal Gaming Authority (MTGA) has not waived its sovereign immunity as to such claims. (The Defendant’s motion concedes that the Plaintiffs original complaint under the MTO 2002-04 does state cognizable claims.) The Defendant also moves to strike all claims, including any under MTO 2002-04, as to the Defendant William Velardo on the ground that Velardo was not the Plaintiffs employer; and that Velardo is protected by the immunity of the Tribe.
The Plaintiff objected to this Motion to Strike, extensive written briefs were filed, and oral argument had.
Upon consideration of the whole record the court concludes that the Motion to Strike must be granted.
II
The Plaintiffs initial, and still subsisting, complaint was filed under the Mohegan discriminatory Employment Practices Ordinance, MTO 2002-04, Sec 104 of which declares unlawful certain employment practices including, inter alia, those based on account of an individual’s race, gender, age, physical disability, or the exercise of certain protected rights.
The Plaintiffs initial complaint states causes of action cognizable under Sec. 104. Many of the subsequent allegations contained in the Plaintiffs revised complaints are duplicative of those asserted under MTO 2002-04. To that extent, they may be stricken on the grounds of redundancy. Cí, G.D.C. Rules of Civil Procedure Sec. 21a.(2) (party may obtain deletion of any redundant allegations.)
Moreover, the additional nine counts sought to be stricken, and the allegations against Velardo, are barred by the Mohegan Tribe’s sovereign immunity which expressly attaches to the Tribe, the MTGA, and, inter alia, any individual acting on behalf of the Tribe or the MTGA; Sec 109; except to the limited extend and for the limited purposes expressly set forth in Sec. 108 of MTO 2002-04. Sec. 108 allows the Plaintiff to file her complaint, as she has properly done, with this court.
“This Court has long held that the Mohegan Tribe, and its sub-entities”, are entitled to the well-established “immunity from suit traditionally enjoyed by sovereign powers”. Ager v. Office of the Director of Regulation, 1 G.D.R. 1 (1997), quoting Santa Clam Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). “The issue of tribal sovereign immunity is jurisdictional in nature,” Ager, 1 G.D.R. at 2; McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989). Any waiver of this sovereign immunity by the Tribe must be unequivocally expressed and cannot be implied. Long v. Mohegan Tribal Gaming Authority, Et Al., 1 G.D.R. 5, 10, (1997); Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d 1489, 1498 (D.C.Cir.1997).”
 “As to the individual defendant, William Velardo, acting as CEO for the Defendant Mohegan Tribal Gaming Authority, it is clear that he is entitled to the sovereign immunity of the Mohegan Tribe. ‘[T]he doctrine of tribal immunity extends to individual tribal officials acting in their representative capacity and within the scope of their authority.’ Romanella v. Hayward, 933 F.Supp. 163, 167 (D.Conn.1996); Kizis v. Morse Diesel International, Inc. et at., 260 Conn. 46, 53-54, 794 A.2d 498 (2002). There being no express waiver of the sovereign immunity of the *577 Mohegan Tribe, the Plaintiffs claims against the individual Defendant are barred by the sovereign immunity of the Mohegan Tribe, and are therefore dismissed.”
‘‘As to the claims against the Mohegan Tribal Gaming Authority, any breach of contract action is clearly barred by the sovereign immunity of the Mohegan Tribe. Long v. Mohegan Tribal Gaming Authority, Et Al., 1 G.D.R. 5, 9-11, (1997).”
“The sovereign immunity of The Mohegan Tribe has not been waived so as to allow the bringing of wrongful discharge or other employment-related claims [1], except as specifically set forth in MTO 2002-04, the Mohegan Tribal Discriminatory Employment Practices Ordinance. As has repeatedly been observed, Mohegan tribal law has no counterpart to the Mashantuck-et Employment Appeal Ordinance, M.P.T.O. 061694-03. Ager v. Office of the Director of Regulation, 1 G.D.R. 1,4 (1997).” Creasey v. MTGA, GDTC-GV-03-119-PMG, 2003 WL 25795204, 4 Am. Tribal Law 570 (2003).
For the foregoing reasons, the Defendant’s Motion to Strike is granted.

. The revised Mohegan Torts Code, MTO 2001-07, specifically excludes from its purview and its waiver of sovereign immunity any claims by employees.