MEMORANDUM OF DECISION
JANE W. FREEMAN, Judge.
I. INTRODUCTION
The Defendants have moved to dismiss this action pursuant to Moh.R.P. § 20A(b) on the basis that it fails to state a claim upon which relief can be granted. The Plaintiff brought this action against Mark Brown, Peter Schultz, Roland Harris, Shirley Walsh, Christine Murtha and Donald Morgan Chapman, in their capacities as Tribal Council Members (collectively “Council Members”) alleging that they violated certain provisions of the Constitution of the Mohegan Tribe of Indians of Connecticut (“Constitution”) and requesting that they be removed from office, lose their salaries and other benefits, and pay money damages.
The Plaintiff has asserted claims against the Council Members in their official capacity only. For the reasons more fully set forth below, the Court holds that tribal sovereign immunity bars the Plaintiffs claims against the Council Members in this action. Therefore, the Court lacks subject matter jurisdiction and this action is dismissed.
II. DISCUSSION
Lack of subject matter jurisdiction may be asserted at any time by the parties or by the court sua sponte. Romanella v. Hayward, 933 F.Supp. 163, 165 (D.Conn.1996), aff'd 114 F.3d 15 (2d Cir.1977). The issue of tribal sovereign immunity is jurisdictional in nature, McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989); Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 26, 27, 4 Am. Tribal Law 570, 571-72, 2003 WL 25795204 (2003); Ayer v. Office of the Director of Regulation, 1 G.D.R. 1, 2, 1 Am. Tribal Law 380, 382-83, 1997 WL 346578574 (1997), and therefore this Court will address it, sua sponte.
Tribal sovereign immunity from suit deprives this Court of subject matter jurisdiction over the Plaintiffs claims. It *448 is well-established that Indian nations are “distinct, independent political communities, retaining their original natural rights.” Reich v. Mashantucket Sand & Gravel, 95 F.3d 174, 178 (2d Cir.1996) (quoting Worcester v, Georgia, 31 U.S. (6 Pet.) 515, 559, 8 L.Ed. 483 (1832)) (citing Cherokee Nation v. Georgia, 30 U.S. (5 Pet.) 1, 16, 8 L.Ed. 25 (1831)). “Those rights are ‘retained’ in the sense that they are not granted by the federal government, but are a function of the tribe’s unique status as an aboriginal entity.” See Felix S. Cohen, Handbook of Federal Indian Law, 122 (1988 ed.). Reich v, Mashantucket Sand & Gravel, 95 F.3d at 178.
An important aspect of retained tribal sovereignty is immunity from suit, and “Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers.” Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978); 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). “As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.” Kiowa Tribe of Okla. v. Mfg. Tech., Inc., 523 U.S. 751, 118 S.Ct. 1700, 1702, 140 L.Ed.2d 981, 985 (1998).
 The Mohegan Tribe is a federally recognized Indian tribe, having been recognized by the United States pursuant to the provisions of 25 C.F.R. Part 83, and therefore possesses common law immunity Irom suit. Tribal immunity also extends to “individual tribal officials acting within their representative capacity and within the scope of their official authority.” Romanella, 933 F.Supp. at 167 (quoting Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 478 (9th Cir.1985)). The Plaintiff does not allege that the Council Members acted beyond the scope of their authority as tribal officers. While he does allege that the Council Members “failed to follow policy for the dispersment (sic) of tribal funds” and that they violated other provisions of the Constitution, the Court concludes that such pleadings are insufficient to state a claim that the Council Members acted beyond the scope of their authority. Bassett v. Mashantucket Pequot Museum and Research Center Inc., 221 F.Supp.2d 271, 281 (2002) (allegations that state and federal laws were violated were insufficient to state a claim that tribal employees acted beyond the scope of their authority, because a plaintiff must always allege a wrong in order to state a claim for relief); Doe v. Phillips, 81 F.3d 1204 (2d Cir.1996), cert. denied, 520 U.S. 1115, 117 S.Ct. 1244, 137 L.Ed.2d 326 (1997) (prosecutor acted “beyond the scope of his authority” not because of the illegal or unconstitutional nature of his actions, but because his actions were plainly beyond the prosecutor’s jurisdiction).
Further, the Plaintiffs claims in this action have been asserted against the six named Defendants in their official capacities as members of the Mohegan Tribal Council. On the face of the complaint, there are no claims asserted against them when acting in their individual capacities.[1] The Plaintiffs claims relate only to the performance of official duties by the Council Members; therefore, the Plaintiffs action against the Council Members is a suit *449 against the Tribe and is barred by the Tribe’s immunity from suit.
The Plaintiff has not requested any injunctive relief from this Court. In addition to the claims for money damages, he has requested that the Council Members be removed from office and lose all benefits and pensions, but he has made no specific claims for injunctive relief.[2]
For all of the foregoing reasons, the Plaintiffs action against the Council Members is barred by tribal sovereign immunity and this action is therefore dismissed for lack of subject matter jurisdiction.

. In paragraph IV of the Amended Complaint, the Plaintiff alleged that Treasurer Chapman was "implicated" by the failure of the Defendants to follow policy regarding the dispersement (sic) of tribal funds, because it was his duty to account for all tribal funds. This pleading is not a claim against Chapman in his individual capacity because it still relates to Chapman's official duties as Treasurer.

. A limited exception to the general principle : of sovereign immunity has long been recog-⅜ nized, where prospective injunctive or declaratory relief is sought challenging the actions of state officials. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).