MEMORANDUM OF DECISION RE: MOTION TO DISMISS
MANFREDI, Judge.

Background

On April 11, 2007 the Plaintiff was ejected from the Mohegan sun Casino and its facilities and grounds. By letter dated April 12, 2007 signed by David Todd, Vice President of Security, the Plaintiff was notified of his “permanent ejection” from the Casino. At the time of his ejection, Plaintiff had been a patron of the casino for several years and had accumulated 17,-701 “casino points.”
Some six months later, on October 9, 2007, Plaintiff commenced this action originally citing the “Security” Department as the agency whose decision was being appealed.
On November 20, 2007 the Director of Regulation filed a Motion to Dismiss and Plaintiff then filed and served an Amended Complaint dated November 29, 2007 naming the Mohegan Tribal Gaming Authority, the Mohegan Tribal Gaming Commission, and the Office of the Director of Regulation as Defendants.
The MTGA thereafter filed a Motion to Dismiss on January 18, 2008.
A hearing on both Motions to Dismiss was held on March 18, 2008.

Discussion

“This court has long held that the Mohegan Tribe, and its sub-entities, are entitled to the well-established ‘immunity from suit traditionally enjoyed by sovereign powers.’ Ager v. Office of the Director of Regulation, 1 G.D.R. 1 (1997), quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). “The issue of tribal sovereign immunity is jurisdictional in nature,” 1 G.D.R. 2: McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989). Any waiver of this sovereign immunity by the tribe must be unequivocally expressed and cannot be implied. Long v. Mohegan Tribal Gaming Authority, Et Al, 1 G.D.R. 5, 10, (1997); Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d 1489, 1498 (D.C.Cir1997)”. Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 27, 4 Am. Tribal Law 570, 2003 WL 25795204 (2003).
The Mohegan Tribe Code (MTC), Section 3-92 clearly states that nothing in the code shall be construed as a waiver of sovereign immunity “unless specifically denominated as such.”
MTC Section 3-221 defines “agency” for purposes of appeals to this Court from an agency decision. Those agencies include the Office of the Director of Regulation; Fire Marshal; Safety Manager; Tribal Building Inspector; and, Director of *461 Health. The Security Office or department is not included in the definition.
MTC Section 3-222 states:
“By adoption of this Article, the Tribe and the Mohegan Tribal Gaming Authority hereby consent to be sued in the Mohegan Gaming Disputes Court in civil actions for relief as is expressly provided for pursuant to this Article. This consent to suit is strictly limited as provided in this Section.”
Further, MTC Section 3-223 states that persons aggrieved by a final “agency” decision may appeal to the Gaming Disputes Court by filing an appeal within twenty (20) days of the final decision.
Appeals of agency decisions are therefore not permitted unless encompassed within the parameters of Article III of the Code. The Security Department is not an agency defined by the Code. Additionally, even assuming they were proper parties, the claims against the Commission and the Mohegan Tribal Gaming Authority were not timely filed within twenty days as required.
There has been no waiver by the Defendants of sovereign immunity for the claims asserted by the Plaintiff and the Motions to Dismiss are granted as this Court lacks jurisdiction to act upon them absent such a waiver.