MEMORANDUM OF DECISION ON DEFENDANTS’ MOTION FOR
SUMMARY JUDGMENT
GUERNSEY, C.J.
This action, originally filed in The Mohegan Tribal Court, arises out of claims by the Plaintiff that he was subjected to abusive treatment by officers of The Mohegan Tribal Police Department during an incident at the Mohegan Sun Casino. Following an order issued by the Tribal Court strongly suggesting that venue under MTC § 3-249(a) was to be found exclusively in the Gaming Disputes Court, the parties filed a joint motion to transfer as permitted by MRCP § 38C, which was granted.
Named as Defendants in the original Tribal Court action were two individual officers and the Mohegan Tribal Police Department. All Defendants thereupon moved to strike the two of the complaint’s seven counts that were based upon alleged violations of the Indian Civil Rights Act (ICRA), claiming that the same were barred by the sovereign immunity of The Mohegan Tribe. No claim was advanced in that motion raising the issue of whether the two individual defendants were also protected by the sovereign immunity of The Mohegan Tribe. The motion to strike the ICRA counts was granted, leaving in place five counts, four of which alleged assault and battery against the individual police officers, and one that alleged failure to train and supervise the officers on the part of the Mohegan Tribal Police Department. As the pleadings presently stand, there is no claim that the Tribal entity, i.e., the Mohegan Tribal Police Department, was responsible for the actions of the officers except as set forth in the allegations of failure to train and supervise.
The Defendants filed their Answer together with Six Special Defenses, none of which raised the issue of whether the individual defendants were protected by the sovereign immunity of the Mohegan Tribe. After the pleadings were closed, the Defendants filed the instant Motion for Summary Judgment, based solely on the claim that the Ordinance Establishing the Gaming Disputes Court, originally MTO § 95-4, Section 700, now MTC § 3-131, requires that the named Defendant in actions seeking relief against “The Mohegan Tribe, its officers or employees” be The Mohegan Tribe or The Mohegan Tribal Gaming Authority, and as a result the Defendants are entitled to judgment as a matter of law. The issue of sovereign immunity is not raised in this motion or the memorandum of law filed in support, nor is the issue that MTC § 3-131, while it governs actions filed in the Gaming Disputes Court, has no applicability to actions filed in The Mohegan Tribal Court, as was the instant case. Also ignored was the questionable propriety of using a motion for summary judgment to challenge the legal sufficiency of a complaint instead of a motion to strike, especially where a prior motion to strike had been filed and granted.[1]
Defendants’ Motion for Summary Judgment, insofar as it deals with the Count directed against the Mohegan Tribal Police Department, illuminates an inconsistency *209 between pleading in the Gaming Disputes Court and the Mohegan Tribal Court. Defendants are correct in noting that in actions filed in the Gaming Disputes Court the proper defendant is either the Mohegan Tribe or the Mohegan Tribal Gaming Authority[2]. However, The Mohegan Torts Code, for actions not arising out of the Gaming Facilities or involving the MTGA, appears to allow actions against the Tribal Entity involved.[3]
Nevertheless, it has been determined that this matter is properly in the Gaming Disputes Court, and therefore the strict requirements of MTC’ § 3-131 now govern, although the prior confusion is certainly understandable. It is also clear, at least as far as Count Eight (directed against The Mohegan Tribal Police Department) is concerned, that the issue is one of misnomer. Connecticut General Statutes § 52-123 is directed to precisely this situation:
No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
The interpretation of this statute has been judicially construed as follows:
There are “three factors [used] to determine whether [an] error [is] a misnomer and therefore a circumstantial defect under § 52-123: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice.”
Cipriano v. Santa-Croce, 2009 WL 5511248 (Conn. Super., Dec. 16, 2009), quoting Andover Ltd. Partnership I v. Board of Tax Review, 232 Conn. 392, 397, 655 A.2d 759 (1995). In the instant case service of process was made upon the proper representatives of The Mohegan Tribe (the Office of the Chairman of The Mohegan Tribe and the Office of the Attorney General of The Mohegan Tribe) by a clerk of the Mohegan Court System as permitted by MTC § l~3(e). The record certainly reflects that the proper Defendant had knowledge that it was the intended defendant inasmuch as the Defendants’ Motion to Strike (which was granted) was predicated on the sovereign immunity of The Mohegan Tribe. At oral argument counsel for the Defendant admitted that the third element, lack of prejudice to the proper defendant, was also satisfied. The defect in naming The Mohegan Tribal Police Department as a Defendant rather than The Mohegan Tribe is found to be a circumstantial defect under Connecticut General Statutes § 52-123, curable by amendment.
As for the individually named Defendants, the issue is more complex. Although prior versions of The Mohegan Torts Code specifically did not immunize employees from individual liability if their conduct exceeded the scope of their employment or authority, MTO 98-1 § 6, this provision has been eliminated from the version of the Code controlling this action, and in any event while it existed applied *210 only to employees of The Mohegan Tribal Gaming Authority. Furthermore, the Counts directed against the individual Mohegan Tribal Police officers do not allege conduct beyond the scope of their employment. In fact, these counts appear carefully drafted to comply with the pleading requirements of MTC § 3—248(c) for actions brought thereunder against The Mohegan Tribe.
At oral argument, counsel for the Plaintiff maintained that prior rulings in this case allowed claims to proceed against the individual officers. This is true only to the extent that an examination of the record, including proceedings prior to the transfer of the instant action to the Gaming Disputes Court, reveals that the issue was never raised. With respect to maintaining an action against the individual Defendants rather than against the Mohegan Tribe, the issue that demands attention is whether the same is prohibited by the longstanding recognition that individual Tribal officials are protected by the sovereign immunity of The Mohegan Tribe:
“[T]he doctrine of tribal immunity extends to individual tribal officials acting in their representative capacity and within the scope of their authority.” Romanella v. Hayward, 933 F.Supp. 163, 167 (D.Conn.1996); Kizis v, Morse Diesel International, Inc., Et Al., 260 Conn. 40, 53-54, 794 A.2d 498 (2002).
Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 26, 27, 4 Am. Tribal Law 570, at 572-73 (2003). This issue has yet to be raised, briefed, or argued.
The Court finds that the allegations against the individual officers, from a pleading perspective only, were allowable when the instant case was originally filed. Naming them, rather than the Mohegan Tribe, as Defendants did not violate MTC § 3-131 at such time, and as such if the intended Defendant was The Mohegan Tribe, the same likely constitutes misnomer and comes within the provisions of Conn. Gen.Stat. § 52-123, curable by amendment. If, on the other hand, the Plaintiff intends to proceed against the officers individually, the issue of whether the same comes within the waiver of sovereign immunity set forth in The Mohegan Torts Code must be raised by a motion for summary judgment that directly addresses the issue. “The issue of tribal sovereign immunity is jurisdictional in nature.” Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 2, 1 Am. Tribal Law 380 (1997); McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989). “It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time.” Lewis v. Gaming Policy Board, 224 Conn. 693, 698, 620 A.2d 780 (1993). Prudence, however, counsels against a court sua sponte “raising a dispositive claim without affording the parties the opportunity to brief the issue.” Williams v. Commission on Human Rights and Opportunities, 257 Conn. 258, fn. 4, 777 A.2d 645 (2001).
The Defendants’ Motion for Summary Judgment is denied without prejudice, provided the Plaintiff amends his complaint within twenty days from the date hereof.

. Had the issue been raised by a motion to strike, the Plaintiff would have had an opportunity to re-plead. MRCP § 23(c). Adding to the procedural bizarreness of this case was the Request for Leave to Amend the Defendants' Answer and Special Defenses filed subsequent to the Motion to Strike but before argument thereon. This added an eighth special defense of sovereign immunity, without elaboration.

. This is also recognized in the Mohegan Torts Code, MTC § 3-248(a).

, MTC § 3—248(b) provides:
Any person who, wherever located, sustains an injury as defined in this Code and who seeks to recover for said injury from any Mohegan Tribal Entity (or its authorized representatives) allegedly caused directly or indirectly by acts or omissions of a Mohegan Tribal Entity other than the MTGA (or its authorized representatives) may tile a Complaint with the Mohegan Tribal Court