MEMORANDUM OF DECISION ON DEFENDANTS’ SECOND MOTION FOR SUMMARY JUDGMENT
GUERNSEY, C.J.
Following this Court’s ruling on Defendants’ first Motion for Summary Judgment, the Plaintiff filed an Amended Complaint that named the Mohegan Tribe of Indians as a Defendant in Count One[1]. The Amended Complaint, however, maintained as Defendants the two individual Mohegan Tribal Police Officers as well as the Mohegan Tribal Police Department. The Defendants’ second Motion for Summary Judgment, now before the Court, seeks judgment based on three theories:
1. As to the individual Defendants (Counts Two, Three, Four and Five), on the basis that these Defendants are cloaked with the sovereign immunity of the Mohegan Tribe;
*212 2. As to the Mohegan Tribal Police Department (Count Six), on the basis that under the Mohegan Torts Code, MTC § 3—131, the only permitted defendants are the Mohegan Tribe or the Mohegan Tribal Gaming Authority, and further that the Mohegan Tribal Police Department is not a Mohegan Tribal entity capable of being sued even in the Mohegan Tribal Court; and
3. As to the Mohegan Tribe (Count One), on the basis that the complaint is insufficient as a matter of law.
Initially, the procedural issue of Defendants’ use of a motion for summary judgment in place of a motion to strike or a motion to dismiss needs to be addressed, particularly in light of the total lack of affidavits or other appropriate proof accompanying the motion itself or the Plaintiffs objection. Although a motion to dismiss, under State Court rules, should be filed within thirty days after the filing of an appearance, Conn. Prac. Bk. § 10-30,[2] “[t]he objection of want of jurisdiction may be made at any time ... [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention ... The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings.” (Internal quotation marks omitted.) Burton v. Commissioner of Environmental Protection, 291 Conn. 789, 802, 970 A.2d 640 (2009).
Although there is authority that suggests that a motion for summary judgment may be used in place of a motion to dismiss only in two particular situations, neither of which appears in this case,[3] in view of the gravity of the issue of sovereign immunity presented by the motion of the individual Tribal Police Officers and the complete lack of affidavits or other documentary evidence offered either in support of or opposition to the motion, the same will be treated as a motion to dismiss. “The issue of tribal sovereign immunity is jurisdictional in nature.” Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 1 Am. Tribal Law 380 (1997). “This Court has long held that The Mohegan Tribe, and its sub-entities, are entitled to the well-established ‘immunity from suit traditionally enjoyed by sovereign powers.’ ” Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 26, 27, 4 Am. Tribal Law 570 (2003), quoting Ager, Id., and Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978).
This immunity has repeatedly been held to extend to individual tribal officials. “[T]he doctrine of tribal immunity extends to individual tribal officials acting in their representative capacity and within the scope of their authority.” Creasey, Id. at *213 2, quoting Romanella v. Hayward,, 933 F.Supp. 163, 167 (D.Conn.1996). See Kizis v. Morse Diesel International, Inc., Et Al., 260 Conn. 46, 53-54, 794 A.2d 498 (2002). As such, claims against the Assistant Director of the Mohegan Tribal Gaming Commission[4], the director of facilities operations for the MTGA and the Tribal building official[5], and various officials of the MTGA[6] have been dismissed for lack of an explicit waiver of sovereign immunity.
Against this, the Plaintiff points to the distinction drawn in .the Mohegan Torts Code as to the limited waiver of sovereign immunity for tort claims brought in the Mohegan Tribal Court as opposed to the Gaming Disputes Court. As for claims brought in the Tribal Court, the Plaintiff argues that the following limited waiver allows suits against persons and entities other than the Mohegan Tribe:
By enactment of this Code, the Mohegan Tribe waives its sovereign immunity, and the sovereign immunity of its subordinate entities except for the Mohegan Tribal Gaming Authority, and consents to be sued by persons with tort claims arising under this Code, but only in the Mohegan Tribal Court; provided that this waiver of sovereign immunity shall permit no recovery of damages against the Mohegan Tribe or the Mohegan Tribal Entities or their authorized representatives, in any measure or amount in excess of the damages authorized to be recovered under this Code.
MTC § 3-250(a). By contrast, the limited waiver for actions brought in the Gaming Disputes Court is more restrictive:
By adoption of this Code, the Mohegan Tribal Gaming Authority waives its sovereign immunity and consents to be sued by persons with tort claims arising under this Code, but only in the Mohegan Gaming Disputes Court; and this waiver of sovereign immunity shall permit no recovery of damages against the Mohegan Tribal Gaming Authority, or its authorized representatives, in any measure or amount in excess of the damages authorized to be recovered under this Code.
MTC § 3~250(b). The reference to recovery of damages against “authorized employees” must be read in context with the strict requirements of MTC § 3-131 for actions brought to the Gaming Disputes Court:
Sec. 3-131.—Actions Seeking Relief Against The Tribe or Its Officers or Employees
In any civil action where relief is sought under this Article against The Mohegan Tribe, its officers or employees, or which alleges any breach of legal duty thereby, the named defendant shall be The Mohegan Tribe or The Mohegan Tribal Gaming Authority as specified in the governing contract or agreement.
The strict pleading provisions of MTC § 3-131 for actions brought to the Gaming Disputes Court render it unnecessary to decide whether the limited waiver of sovereign immunity in MTC § 3-250(a), for ac *214 tions brought to the Mohegan Tribal Court, allows actions against Tribal entities or their authorized representatives, an issue that is not at all clear. On the one hand, in the limited waiver for claims against the Mohegan Tribe and its entities (other than against the Mohegan Tribal Gaming Authority) the subject of the consent to suit is “The Mohegan Tribe” and not “The Mohegan Tribe and its subordinate entities” (hence the use of the singular verb “consents” rather than the plural). This suggests that the expressed intent, at least in the first part of the limited waiver, is that the Mohegan Tribe may be sued under the Torts Code for actions of its entities, but the Defendant should be the Tribe. Unfortunately, the drafting of the second part of this limited waiver, dealing with the limited recovery of damages against “The Mohegan Tribe or the Mohegan Tribal Entities” or their authorized representatives suggests the opposite conclusion, ie., that an award is contemplated against a Tribal Entity. Although one possible explanation is that the
inclusion of “or Mohegan Tribal Entities” is mere surplusage, similar to the provision in the Torts Code that provides that the damages limitations do not apply to non-Tribal Entities,[7] (an unnecessary provision given that the Torts Code itself does not apply to non-Tribal Entities, Lubrano, Et Al. v. Brennan Beer Gorman Architects, LLP., Et Al., 1 G.D.A.P. 48, 7 Am. Tribal Law 369 (2008)), the confusion is further compounded by the operative portion of the damage limitation provisions of the Torts Code that appear clearly to contemplate an award against Mohegan Tribal Entities.[8]
Clarification of whether Mohegan Tribal Entities are proper parties to an action in the Mohegan Tribal Court (and the related issue of whether the Mohegan Tribal Police Department is a Tribal Entity under the Torts Code[9]) will await either clarification of the Code by the Tribal Council or a case properly brought to the Mohegan Tribal Court. The exclusive venue for claims arising out of the Gaming Facilities[10] is the Gaming Disputes Court, *215 where the only proper Defendants, for actions against the Mohegan Tribe or any of its officers or employees, are the Mohegan Tribe and the Mohegan Tribal Gaming Authority. MTC § 3-131. From the allegations of Plaintiffs complaint it is clear that this cause of action arose out of the operation of the Gaming Facilities, and as such the only limited waiver of sovereign immunity available to him is set forth in MTC § 3-250(b). Plaintiffs complaint makes it abundantly clear that the individual officers were acting within the scope of their authority as officers of the Mohegan Tribal Police Department:
“In the tribal immunity context, a claim for damages against a tribal official lies outside the scope of tribal immunity only where the complaint pleads—and it is shown—that a tribal official acted beyond the scope of his authority to act on behalf of the [t]ribe.”
Chayoon v. Sherlock, 89 Conn.App. 821, 828, 877 A.2d 4 (2005), quoting Bassett v. Mashantucket Pequot Museum & Research Center, Inc., 221 F.Supp.2d 271, 280 (D.Conn.2002). Defendants’ Motion for Summary Judgment is granted as to Counts Two, Three, Four and Five.[11] As to Count Six against the Mohegan Tribal Police Department, even if the Department were found to be a Mohegan Tribal Entity as defined in the Torts Code, it would not be a proper party under the applicable limited waiver of sovereign immunity and the designation of allowable Defendants in the Gaming Disputes Court for claims involving the Mohegan Tribe, as discussed above. That being said, however, two factors argue against the granting of that Defendant’s motion: first, that the Torts Code’s pleading requirements, as the foregoing discussion has illustrated, are far from clear, and second, that there is no prejudice to either party by allowing the same to proceed against the Mohegan Tribe. As set forth in this Court’s decision on Defendants’ first Motion for Summary Judgment, the issue is not jurisdictional but rather that of misnomer.[12] As to Count Six, the Court will reissue the previous order, that the Motion for Summary Judgment is denied, without prejudice, provided Plaintiff amends Count Six of his complaint to designate the Mohegan Tribe as the Defendant within twenty days from the date hereof.
Finally, the Mohegan Tribe has moved for summary judgment on Count One, arguing that the same does not set forth a cause of action, arguing that it cannot discern “the requisite elements of a recognized legal theory of liability.” This clarification is, of course, exactly what the Plaintiff has attempted to accomplish in his Request for Leave to Amend, currently pending, to which the Defendant has objected.
Although the use of a motion for summary judgment in place of a motion to strike has been allowed, Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 408-09, 279 A.2d 540 (1971), the same has been recognized as unfair to the non-moving party in that “[t]he granting of a defendant’s motion for summary judgment puts the plaintiff out of court [while the] granting of a motion to strike allows the plaintiff to re-plead his or her case.” Pane v. Danbury, 267 Conn. 669, 674 n. 7, 841 A.2d 684 (2004), (overruled on other grounds, Grady v. Town of Somers, 294 Conn. 324, 984 A.2d 684 (2009)), quoting Rivera v. Double *216 A Transportation, Inc., 248 Conn, 21, 38 n. 3, 727 A.2d 204 (1999, Berdon, J,, dissenting).
The caveat placed on such use of a motion for summary judgment by the Connecticut Supreme Court seems tailored to this case:
With these authorities in mind, we conclude that the use of a motion for summary judgment to challenge the legal sufficiency of a complaint is appropriate when the complaint fails to set forth a cause of action and the defendant can establish that the defect could not be cured by repleading. See Boucher Agency, Inc. v. Zimmer, supra, 160 Conn. at 410, 279 A.2d 540. If it is clear on the face of the complaint that it is legally insufficient and that an opportunity to amend it would not help the plaintiff, we can perceive no reason why the defendant should be prohibited from claiming that he is entitled to judgment as a matter of law and from invoking the only available procedure for raising such a claim after the pleadings are closed.
Larobina v. McDonald, 274 Conn. 394, 401-02, 876 A.2d 522 (2005). The moving Defendant has not even attempted to show that the defect could not be cured by repleading (its objection to the Plaintiffs attempt to do just that suggests otherwise).
Defendants’ Motion for Summary Judgment is granted as to Counts Two, Three, Four and Five and denied as to Count One. As to Count Six, the Motion for Summary Judgment is denied, without prejudice, provided Plaintiff amends said Count to designate the Mohegan Tribe as the Defendant within twenty days from the date hereof,

. This was in accordance with this Court’s prior holding that the pleading difficulty brought on by discrepancies in the proper named defendant in the Gaining Disputes Court and Tribal Court, was, under the circumstances of this case, actually one of misnomer not requiring dismissal.

, MRCP § 20(c) does not impose such a time limitation with respect to claims of lack of subject matter jurisdiction. In any event, the time for the filing of a responsive pleading of any kind due from the Mohegan Tribe or its subdivisions is double the time specified in the Mohegan Rules of Civil Procedure. MRCP § 16(a).

. “We certainly do not suggest that a motion for summary judgment takes the place of a motion to dismiss as the proper procedural vehicle with which to challenge a court’s subject matter jurisdiction. We conclude, rather, that the use of the motion for summary judgment to contest subject matter jurisdiction is appropriate in two circumstances: (1) when a party does not become aware of a jurisdictional defect until discovery has progressed; or (2) if, after a court has denied a motion to dismiss on jurisdictional grounds, discovery produces additional evidence that supports dismissal of the action for lack of subject matter jurisdiction.” Manifold, Et Al. v. Ragaglia, 94 Conn.App. 103, 119 fn. 11, 891 A.2d 106(2006).

. Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 26, 4 Am. Tribal Law 570 (2003).

. Kizis v, Morse Diesel International, Inc., Et Al., 260 Conn. 46, 794 A.2d 498 (2002).

. Durante v, Mohegan Tribal Gaming Authority, Et AL, Docket No. X04 HHD CV-11-6022130 S, Superior Court, J.D. Hartford Complex Litigation Docket, 2012 WL 1292655, March 30, 2012. See also Vanstam-Holland v. LaVigne, Superior Court, Docket No. KNL-CV-08-5007659, Judicial District of New London, 2009 WL 765517 (Feb. 26, 2009, Martin, J.), Portella Et Al. v. Spaziante, Et Al., Superior Court, J.D. New London, 2011 WL 5842232, 52 Conn. L. Rptr. 813 (November 1, 2011, Cosgrove, J.)

, “The limitations upon recovery against the sovereign tribal entities and representatives as set forth herein shall not apply to limit recovery against a defendant that is not a Mohegan Tribal Entity or its authorized representative." MTC § 3-250(c).

. MTC § 3-251(a) provides:
This Code does not permit recovery, from The Mohegan Tribe, the Mohegan Tribal Entities, the Mohegan Tribal Gaming Authority, or from their authorized officers, agents, representatives or Employees while engaged in conduct within the scope of their employment or authority, of:
(1) Punitive or exemplary damages;
(2) Damages for loss of consortium; or
(3) Non-economic damages in excess of two hundred (200) percent of the proven actual damages prior to any reduction for collateral source payments; or
(4) Damages in excess of the limits of any applicable liability insurance policy carried by The Mohegan Tribe, the MTGA, or other Mohegan Entity,

. Mohegan Tribal Entity means any entity established pursuant to the Mohegan Constitution or duly-enacted Mohegan Tribal Ordinances, including but not limited to the Mohegan Tribal Gaming Authority, without geographical limitation. MTC § 3-245.

. Gaming facilities includes all those facilities known as the Mohegan Sun Casino together with all buildings and all appurtenant roads, parking lots, access ramps, structures, developments and improvements operated or under the control of the MTGA and used directly or indirectly in connection with the Mohegan Sun for gaming or for entertaining, serving, feeding, hosting patrons of the Mohegan Sun, and all related activities, including any associated hotel, resort or entertainment facilities, and including the operation of motor vehicles owned or leased by the MTGA, without regard to their location either on or off the Mohegan Reservation. MTC § 3-245.

. It is not at all clear why Plaintiff elected to keep the allegations of these counts applicable only to employees or the Mohegan Tribal Police Department, rather than the Mohegan Tribe.

. See Memorandum of Decision on Defendants' Motion for Summary Judgment, December 16, 2011.