..... MEMORANDUM RE: MOTION TO DISMISS
MANFREDI, J.

BACKGROUND

This ease arises out of an automobile accident which occurred on February 19, 2011, It is alleged that a vehicle owned by the Defendant, Mohegan Tribal Gaming Authority, was operated by the Defendant Paul Radeliffe who was an employee of Mohegan Tribal Gaming Authority at the time of the accident, acting within the scope of his employment. It is further alleged that Paul Radeliffe’s negligence in the operation of the vehicle caused the accident and Plaintiffs injuries.
The Defendant has moved to dismiss the Complaint as it pertains to the Defendant Paul Radeliffe claiming he is entitled to sovereign immunity under the facts of this case, as alleged.

LEGAL STANDARD

“A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court ... [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.” (Internal quotation marks omitted) Bacon Const. Co.v. Dept. of Public Works, 294 Conn. 695, 706 [987 A.2d 348] (2010).
And,
“When a ... court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light ... In this regard, a court must take those facts alleged in the complaint, including those facts nec *240 essarily implied from the allegations, construing them in a manner most favorable to the pleader ... The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone.” Gold v. Rowland, 298 Conn. 186, 201 [994 A.2d 106] (2010).
The issue before this Court is whether the Defendant Paul Radcliffe, under the allegations of the complaint is entitled to the Mohegan Tribal Gaming Authority’s sovereign immunity.
The complaint alleges that at the time of the accident Mr. Radcliffe was a “duly authorized agent, servant, and/or employee” of the Gaming Authority.
The Defendant has submitted an affidavit asserting that at the time of the accident Mr. Radcliffe was an employee of the Authority and acting in that capacity.
The Plaintiff claims there is ambiguity in the affidavit as it relates to the claim of sovereign immunity requiring the need for further discovery to determine the “exact status” of Mr. Radcliffe. However, the Court does not note in the file any request for continuance for these purposes prior to the hearing.
Construing the allegations in a manner most favorable to the pleader, the Court concludes that Mr. Radcliffe was an employee of the Mohegan Tribal Gaming Authority at the time of the accident. The Plaintiff alleges that Mr. Radcliffe was an “agent servant and/or employee” of the Authority. There is nothing ambiguous here; in fact, MTC § 3-245 defines employee as, among others “employee, servant, agent.”
As to sovereign immunity Chief Judge Guernsey has stated:
“ ‘The issue of tribal sovereign immunity is jurisdictional in nature.’ Ager v. Office of the Director of Regulation,, 1 G.D.R. 1, 1 Am. Tribal Law 380 (1997). “This Court has long held that The Mohegan Tribe, and its sub-entities, are entitled to the well-established ‘immunity from suit traditionally enjoyed by sovereign powers.’ ” Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 26, 27, 4 Am. Tribal Law 570 (2003), quoting Ager, Id., and Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). This immunity has repeatedly been held to extend to individual tribal officials. ‘[T]he doctrine of tribal immunity extends to individual tribal officials acting in their representative capacity and within the scope of their authority.’ Creasey, Id. at 2, quoting Romanella v. Hayward, 933 F.Supp. 163, 167 (D.Conn.1996). See Kizis v. Morse Diesel International, Inc., Et Al., 260 Conn. 46, 53-54, 794 A.2d 498 (2002). As such, claims against the Assistant Director of the Mohegan Tribal Gaming Commission, the director of facilities operations for the MTGA and the Tribal building official, and various officials of the MTGA have been dismissed for lack of an explicit waiver of sovereign immunity.” D’Ambra v. Maikshilo, Et Al., Docket No. GDTC-T-10-105-PMG, Mohegan Gaming Disputes Trial Court, June 19, 2012.
Moreover, as noted in that decision, MTC § 3-131 specifically requires that the Tribe or the Gaming Authority be the named defendants in actions brought under the Torts Code against the Tribe and:
“The exclusive venue for claims arising out of the Gaming Facilities is the Gaming Disputes Court, where the only proper Defendants, for actions against the Mohegan Tribe or any of its officers or employees are the Mohegan Tribe and the Mohegan Gaming Tribal Authority.” Id.
*241 Gaming facilities include motor vehicles owned or leased by the Mohegan Tribal Gaming Authority and their operation, whether on or off the reservation. MTC § 3-245.
The Defendant’s Motion to Dismiss is therefore granted and the Complaint as it pertains to Paul Radcliffe is dismissed.