MEMORANDUM OF DECISION ON DEFENDANT’S MOTION TO DISMISS (UNOPPOSED)
GUERNSEY, C.J.
This action arises out of a motor vehicle accident, brought by two passengers in a *243 vehicle owned by the Defendant Mohegan Tribal Gaming Authority (MTGA), and names the MTGA and the driver of the vehicle (William Clark, an MTGA employee), as Defendants. The instant motion, to which the Plaintiffs have indicated they had no objection, asserts that the driver is cloaked with the sovereign immunity of The Mohegan Tribe and that, as it pertains to him, such sovereign immunity has not been waived under The Mohegan Torts Code, MTC § 3-241 et seq., or otherwise. Inasmuch as the allegations of the complaint make clear that the individual Defendant was acting within the scope of his employment, and the Ordinance establishing the Gaming Disputes Court requires that the defendant in any action such as this shall be the MTGA, Defendant’s Motion must be granted.
The principal issue presented in this case, ie., does the limited waiver of sovereign immunity in the Mohegan Torts Code extend to actions against MTGA employees acting within the scope of their employment, has previously been considered by this Court. That such employees are cloaked with the sovereign immunity of The Mohegan Tribe is unquestioned.[1] The limited waiver of sovereign immunity in the Mohegan Torts Code is as follows:
By adoption of this Code, the Mohegan Tribal Gaming Authority waives its sovereign immunity and consents to be sued by persons with tort claims arising under this Code, but only in the Mohegan Gaming Disputes Court; and this waiver of sovereign immunity shall permit no recovery of damages against the Mohegan Tribal Gaming Authority, or its authorized representatives, in any measure or amount in excess of the damages authorized to be recovered under this Code.
MTC § 3—250(b). The reference to recovery of damages against “authorized employees” must be read in context with the strict requirements of MTC § 3-131 for actions brought to the Gaming Disputes Court:
Sec. 3-131.—Actions Seeking Relief Against The Tribe or Its Officers or Employees
In any civil action where relief is sought under this Article against The Mohegan Tribe, its officers or employees, or which alleges any breach of legal duty thereby, the named defendant shall be The Mohegan Tribe or The Mohegan Tribal Gaming Authority as specified in the governing contract or agreement.
It has long been recognized by this Court that waivers of sovereign immunity are to be strictly construed and all such *244 waivers “cannot be implied but must be unequivocally expressed.” Ager v. Director of Regulation, 1 G.D.R. 1, 2, 1 Am. Tribal Law 380 (1997) quoting Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d 1489, 1498 (D.C.Cir.1997), citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978).
Inasmuch as all such actions brought pursuant to the limited waiver of sovereign immunity set forth in MTC § 8~250(b) must be filed in the Gaming Disputes Trial Court, MTC § 3-248(a), this limited waiver necessarily incorporates the restriction on parties set forth in MTC § 3-131. Therefore, in an action brought to the Gaming Disputes Court pursuant to the limited waiver of sovereign immunity set forth in the Mohegan Torts Code, claiming damages resulting from the negligence of MTGA employees acting within the scope of their employment, the proper Defendant is the MTGA.
Defendant’s Motion to Dismiss claims against William Clarke is granted.

. This issue has been previously addressed as follows:
"The issue of tribal sovereign immunity is jurisdictional in nature." Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 1 Am. Tribal Law 380 (¡997). "This Court has long held that The Mohegan Tribe, and its sub-entities, are entitled to the well-established ‘immunity from suit traditionally enjoyed by sovereign powers.’ ” Creasey v. Mohegan Tribal Gaming Authority, 2 G.D.R. 26, 27, 4 Am. Tribal Law 370 (2003), quoting Ager, Id.,, and Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). This immunity has repeatedly been held to extend to individual tribal officials. “[T]he doctrine of tribal immunity extends to individual tribal officials acting in their representative capacity and within the scope of their authority.” Creasey, Id. at 2, quoting Roma-nella v. Hayward, 933 F.Supp. 163, 167 (D.Conn., 1996). See Kizis v. Morse Diesel International, Inc., Et Al., 260 Conn. 46, 53-54, 794 A.2d 498 (2002). As such, claims against the Assistant Director of The Mohegan Tribal Gaming Commission[1], the director of facilities operations for the MTGA and the Tribal building official[1] and various officials of the MTGA [1] have been dismissed for lack of an explicit waiver of sovereign immunity. D’Ambra v. Mohegan Tribe, GDTC-T-10-105-PMG, June 12, 2012.