MEMORANDUM OF DECISION RE: DEFENDANT’S MOTION TO ADD PARTY
(Pleading No. 126)
GUERNSEY, C.J.
In response to this action brought by the Mohegan Tribe to collect sales taxes assessed and allegedly owed pursuant to the Taxation Code, MTC § 7-221 et seq., the Defendant has moved to implead the Mohegan Tribal Gaming Authority[1] with an attached complaint alleging two violations of The Mohegan Constitution[2] as well as breach of contract (Count Three), the last based on a lease between The Mohegan Tribal Gaming Authority and the Defendant. Judicial notice is taken of another civil action, filed by the Defendant against The Mohegan Tribal Gaming Authority on October 21, 2013 (assigned Docket No. CV-13-117-PMG), in which the first three counts are essentially similar to the first three counts of the proposed Impleader Complaint[3] while adding a Count Four alleging bad faith in the termination and breaching of the lease under which Defendant operated its restaurant.
The Defendant/Third Party Plaintiff did not file a memorandum of law as required by Conn. Prac. Bk. § 11-10; however helpful this would have been, it is not required at this time by MRCP § 15(d). In response to the Motion for Permission to Add Party, the Plaintiff filed an objection, incorporating therein its memorandum of law, asserting that the Mohegan Tribal Gaming Authority is not a necessary party to a tax collection case brought by the Mohegan Tribe, that it has no interest in the outcome of the controversy, which can be determined without it, and finally that the administrative remedies under the Taxation Code were not pursued.[4] The Court finds that the Defendant’s position with respect to the presence of the Mohegan Tribal Gaming Authority is well taken and that claims arising out of the lease between it and the Defendant need not be adjudicated in this case.[5]
*276 I
DISCUSSION
Despite the Defendant/Third Party Plaintiffs repeated allegation that “the Gaming Authority is an instrumentality of the Mohegan Tribe,”[6] the Constitution of the Mohegan Tribe of Indians of Connecticut is quite specific in the authority it confers on the Mohegan Tribal Gaming Authority[7]:
All governmental and proprietary powers of The Mohegan Tribe over the development, construction, operation, promotion, financing, regulation and licensing of gaming, and any associated hotel, associated resort or associated entertainment facilities, on tribal lands (collectively, “Gaming”) shall be exercised by The Tribal Gaming Authority, provided that such powers shall be within the scope of authority delegated by the Tribal Council to the Tribal Gaming Authority under the ordinance establishing The Tribal Gaming Authority.
Constitution of The Mohegan Tribe of Indians of Connecticut, Article XIII, Section 1. In the ordinance referenced above, the powers enumerated therein are incorporated, and it is further provided that “[t]he authority hereby assumes all obligations, responsibilities and duties of The Mohegan Tribe existing at the date of enactment of this Article.” MTC § 2-21. The pre-emi-nent place of the Mohegan Tribal Gaming Authority in all aspects of “Gaming” can be seen in cases brought to the Gaming Disputes Court under the Mohegan Torts Code for actions arising out of the Gaming Facilities, where the named Defendant must be the Mohegan Tribal Gaming Authority. MTC §§ 3-131, 3-248(a); D’Am-bra v. Maikshilo, Et Al., GDTC-T-105-PMG, 12 Am. Tribal Law 210, 2012 WL 12130619 (June 19, 2012).
Similarly, Article XIII of the Mohegan Constitution (as well as MTC § 2—25(e)) makes it clear that the Mohegan Tribal Gaming Authority has no rights other than those specified therein:
The Tribal Gaming Authority shall have the power to grant a limited waiver of sovereign immunity as to Gaming matters, to contracts related to Gaming, to the revenues of The Tribal Gaming Authority, and as otherwise authorized by the Tribal Council, but shall have no such right as to other tribal revenues, assets or powers.
Constitution of The Mohegan Tribe of Indians of Connecticut, Article XIII, Section 1.
Viewed in this light, revenue produced pursuant to the Taxation Code, enacted by the Tribal Council pursuant to Article IX of the Mohegan Constitution, would certainly not appear to constitute assets over which the Mohegan Tribal Gaming Authority has jurisdiction.[8] Although the Defendant argues that the Mohegan Tribal Gaming Authority should be made a party “due to the allegations that underlie the Complaint by the Plaintiff, Mohegan Tribe of Indians of Connecticut” as well as the special defenses of the Defendant, an examination of these pleadings do not support such a position. The Complaint, as point *277 ed out by Plaintiffs counsel, is a straightforward tax collection case, based on the assessment of sales taxes by the Tax Office on behalf of the Mohegan Tribe, not the Mohegan Tribal Gaming Authority. The special defenses assert unlawful and erroneous assessment of taxes and estop-pel against the collection of taxes allegedly owed.[9] The Court is unable to discover, and the Defendant has not identified, any portion of the contractual relation between the Mohegan Tribal Gaming Authority and the Defendant, (i.e,, the lease), that even deals with sales taxes (other than to exclude them in calculating “Gross Sales” in Section 4.4 [10]).
Further, even if claims made pursuant to the lease were to be considered in the instant action, the limited waiver and consent to suit set forth in Section 23.15 of the lease effectively immunizes the taxes Plaintiff seeks to collect from the Defendant’s claims for the alleged breach of the lease:
Landlord’s waiver of immunity from suit is specifically limited to the following actions and judicial remedies: (a) the enforcement of Landlord’s obligations under this Lease with an award of actual damages in connection with any breach of the provisions hereof, provided, however that the court shall have no authority or jurisdiction against any assets or revenues of Landlord except cash of Landlord (other than cash ivkich Landlord can demonstrate ivas derived from a source other than the Retail Facilities ) ... (emphasis added)
The Defendant’s Motion to Add Party is denied; the Plaintiffs Objection thereto is sustained.

. There is some confusion in Defendant's pleadings as to whether The Mohegan Tribal Gaming Authority is a "necessary party to this action due to the allegations that underlie the complaint by the Plaintiff’, as alleged in its Motion for Permission to Add Party, or whether the basis for the motion is that The Mohegan Tribal Gaming Authority allegedly "is or may be liable to [the] defendant for all or part of the plaintiffs claim against [it],” as suggested by the title of the attached pleading, “Impleader Complaint of Big Bubba’s BBQ, LLC”.

. Count One alleges a violation of Article XI, Section 1(h), in essence alleging deprivation of property without the process of law; Count Two alleges a violation of Section 1(e), the taking of private property for public use without just compensation.

. Whereas the Impleader Complaint is directed to The Mohegan Tribe and The Mohegan Tribal Gaming Authority, the Defendant’s civil action is directed solely against the Mohegan Tribal Gaming Authority.

. This was apparently initially raised by the Court during oral argument on Plaintiffs Motion to Dismiss Defendant's Counterclaims. Other than counsel's statement that the same was not done due to the impossibility of making payment under protest, there is nothing further in the record on this subject, or whether a waiver thereof was requested pursuant to MTC § 7—230(h) (or, for that matter, possibly relieving the Defendant of interest and penalties under the provisions of MTC § 7-229(0).

. It is, however, possible that the two cases will be consolidated for trial.

. Paragraph 1 of Count One, Count Two, and Count Three.

. In both the Mohegan Constitution and the Tribal-State Gaming Compact, the Mohegan Tribal Gaming Authority is referred to as the "Tribal Gaming Authority.”

.Indeed, the Taxation Code is specifically made applicable to the MTGA and the various entities operating under it as part of the "Gaming” as constitutionally defined. MTC § 7-222(b).

. Although the First Special Defense asserts that The Mohegan Tribal Gaming Authority’s lease with the Defendant exempted the Defendant from the taxes sought to be collected, no such provision in the lease has been identified, or discovered by the Court, and in any event it is not at all clear why the Mohegan Tribal Gaming Authority needs to be a party, if in fact such a provision exists.

. "Gross Sales shall not include ... (iv) sales taxes and/or excise taxes collected from customers as a separate item as part of the sales price and paid to a taxing authority,"